the knowledge or authority of the court, permitted to take possession of and operate the mine in the name of Barry, as receiver, for the period of eleven months; that in conduct of the business by Westrich a large indebtedness was incurred in the name of Barry, as receiver. The arrangement in question was clearly and solely in the interest of and for the benefit of appellants and their associates. That the act of the receiver in relinquishing the possession and control of the property to Westrich was wrongful and illegal, and that appellants were privies thereto, is too manifest to require discussion. We are therefore of opinion that appellants are liable in equity for the losses incurred by Westrich in his operation of the mine.

By the decree appellants are improperly found to be liable for whatever remained unpaid of the indebtedness incurred by Barry during the entire term of his receivership, less the proceeds of the sale of the property by the special commissioner. In the light of the foregoing views their liability should be limited to the losses incurred by Westrich while he was assuming to act in the name of Barry as receiver, but was in fact operating the property for the sole benefit of appellants, Barry and Harvey.

The decree will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

## Gilbert Vennum v. H. J. Carr.

The decision in this case is controlled by Vennum v. Carr, 130 Ill. App. 309.

Judgment by confession. Appeal from the County Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded with directions. Opinion filed November 27, 1906.

FLEMING R. MOORE and NELLIE B. KESSLER, for appellant.

DYER & WALLBRIDGE and J. B. MANN, for appellee.

PER CURIAM. The questions involved in this appeal are determined in the case of Vennum v. Carr, *ante,* p. 309, and the judgment is therefore reversed and the cause remanded with directions to the County Court to sustain the motion of the defendant, upon condition that the judgment when opened, stand as security for the amount due upon the note in suit, pending a trial of the issues upon the merits.

*Reversed and remanded with directions.*

---

### Gilbert Vennum v. H. J. Carr.

The decision in this case is controlled by Vennum v. Carr, *ante,* p. 309.

Judgment by confession. Appeal from the County Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded with directions. Opinion filed November 27, 1906.

FLEMING R. MOORE and NELLIE B. KESSLER, for appellant.

DYER & WALLBRIDGE and J. B. MANN, for appellee.

PER CURIAM. The questions involved in this appeal are determined in the case of Vennum v. Carr, *ante,* p. 309, and the judgment is therefore reversed and the cause remanded with directions to the County Court to sustain the motion of the defendant, upon condition that the judgment when opened, stand as security for the amount due upon the note in suit, pending a trial of the issues upon the merits.

*Reversed and remanded with directions.*